[S. F. No. 3193.    Department One.—March 2, 1904.]

## TOWN OF SUISUN CITY, Respondent, v. MANUEL L. DE FREITAS, Appellant.

Water Supply of City—Springs Running in Defined Channel—Surplus Water—Injunction—Issue—Support of Findings—Decree Protecting Rights.—In an action to enjoin the obstruction of the water supply of a city by hindering the flow of surplus water in a defined channel from numerous springs on defendant's lands to lands of the city forming the site of its waterworks, where there was no issue as to the number of the springs, but only as to the defined channel, findings upon sufficient evidence that the surplus water from three or four springs on defendant's lands was accustomed from time immemorial to flow in a defined channel to plaintiff's lands were proper; and where the findings and decree were as favorable to the rights of the defendant as the evidence would warrant, and he was protected in the use of the water of the springs to the full extent of his rights, the findings and decree will not be disturbed upon appeal.

APPEAL from a judgment of the Superior Court of Solano County and from an order denying a new trial. A. J. Buckles, Judge.

The facts are stated in the opinion.

George A. Lamont, E. L. Webber, and Webber & Rutherford, for Appellant.

O. R. Coghlan, for Respondent.

CHIPMAN, C.—Action to enjoin defendant from obstructing the flow of water from certain springs, situated on defendant's lands to the lands of plaintiff. Plaintiff had judgment perpetually enjoining defendant from obstructing or diverting "the flow of the waters from the three or four springs situated on" defendant's lands, "except so much of said waters as defendant may necessarily use for domestic purposes, and also so much of said waters as defendant may have need of in irrigating the six acres of berries, fruits, and vegetables during the months of February, March, and April, and all of the waters of said springs during the months of

May, June, July, and August of each year, which are cultivated by defendant on his said land.'' Defendant appeals from the judgment and from the order denying his motion for a new trial.

Plaintiff and defendant are owners of contiguous tracts of land situated on the mountain-side north of Suisun. The land of plaintiff is used as a site for waterworks to supply the town of Suisun, and several springs situated on this land were developed and form the principal water supply for the town. The springs on defendant's land were higher up on the mountain-side and the court found (finding 3): ''That three or four springs of fresh water have their rise and exist on, and from time immemorial have existed on, said tract of land owned by defendant, and the waters of said springs have collected together on said tract, and from time immemorial have flowed through a natural channel to and upon the tract owned by plaintiff''; that defendant and his grantor have dug out and straightened this channel, but it has not prevented or diminished the flow of water from said springs. Finding 4 is, that defendant and his predecessor for more than twenty-five years continuously used so much of the waters of said springs during the months of February, March, and April as was necessary for domestic purposes and irrigation, and that during the months of May, June, July, and August of each year they used the whole of the water for the purpose of irrigating about six acres of land planted to berries, fruit-trees, and gardens; that except as used for domestic purposes and for irrigation as aforesaid, all the waters flowing from said springs flowed uninterruptedly (except as afterwards found by the court) through said natural channel to plaintiff's land and helped to feed the springs that exist on plaintiff's land, and since 1897 have helped to feed the tunnels, drains, and other works of plaintiff connected with its waterworks. Finding 5 is, that in December, 1898, defendant obstructed the flow of water through said channel, and diverted, and still diverts, some of said waters from flowing to plaintiff's land through said natural channel. Finding 7 is, that defendant and his grantors have not for twenty-five years, or at all, appropriated and used all the waters of said springs on defendant's land, and that they have used said waters only as found above.

1. It is claimed that the evidence does not support finding

3. The point made in the brief seems to be that the court was not warranted in finding "that three or four springs of fresh water have their rise and exist on" defendant's land, because the evidence did not warrant the court in fixing this as the definite number of springs; that the complaint alleged that there were "numerous springs" on the land, and as the judgment enjoined defendant from obstructing "the three or four springs situated on defendant's land," he could not determine which of the "numerous springs" he was to abstain from obstructing, and hence might find himself in contempt of court. Defendant admitted in his answer "that numerous springs" had their rise on his land as alleged in the complaint, but denied the allegation that the waters of these springs flowed "at any time in a natural or well-defined channel, or any channel uninterruptedly, or in any other manner, or at all, to or upon the tract of land described in" plaintiff's complaint. The number of springs on defendant's land was not made an issue; the issue was, that the waters from these springs did not flow by a defined channel to plaintiff's land. It is the obstruction of this channel by defendant that the action and the decree aim to prevent. The springs form a single group, and while the evidence is not definite as to their exact number, there is no mistaking that the evidence related to this group of springs, and that the court referred to all of them whose surplus waters flowed to plaintiff's lands through the channel referred to.

2. It is further contended that finding 4 is unsupported by any evidence,—namely, that defendant and his predecessors have at all times during the months of February, March, and April used so much of the waters of said springs as were necessary for domestic purposes, etc., and during the months of May, June, July, and August used all the waters of said springs, etc. Plaintiff claimed in its complaint that all the waters of said springs were accustomed to flow to plaintiff's lands until obstructed by defendant. This was denied in the answer, defendant's claim being ·that all the said waters are necessary for domestic purposes and for irrigation, and had been used by him and his predecessors for over twenty-five years last past.

There was evidence that defendant "commenced irrigating about May and continued until the rains fell, sometimes a

little earlier or a little later," and that "there would be very little water running into the channel" when "irrigating his berries." There was also some evidence that recently there had been some irrigating done in February and March. Defendant's son testified: "The only two times we have got water from the ditch for the house was those two times, four or five years ago last year, and I remember back quite a number of years." It appeared that there was a spring in the corral from which water for the house was obtained, and defendant's wife testified: "When this spring in the corral went dry (which was in recent years) we got water from the ditch that comes through the blackberry patch." There was evidence that "when defendant was not irrigating the water would always come down through the channel into the town land," and a witness who had known the land for thirty years testified to the existence of a channel from defendant's springs to the town land ever since he could remember. As we understand the decree, defendant is allowed,—1. At all times to use the spring water for necessary domestic purposes; 2. To use so much of the water as is required to irrigate the six acres of berries, fruits, and vegetables during February, March, and April; and 3. All of the water for any and all purposes during the irrigating season of June to August, inclusive.

We think the decree was as favorable to defendant as the evidence would warrant, and so far as it protects the rights of plaintiff is sustained by the findings which find support in the evidence.

It is advised that the judgment and order be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Van Dyke, J., Shaw, J., Angellotti, J.